**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| ARROW ELECTRONICS INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-07-2106 |
| § | |
| DANIEL LEE RITZ, JR., § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND OPINION**

On November 3, 2009, the plaintiff, Arrow Electronics, Inc., filed a Motion for Entry of Judgment by Confession. Arrow Electronics alleges that the defendant, Daniel Lee Ritz, Jr., breached an agreement to settle this lawsuit. Arrow Electronics filed this suit in 2007, seeking to recover $133,502.71. Ritz had executed a guaranty for this debt in favor of Arrow Electronics. In September 2007, the parties signed a Settlement Agreement and Release. Under the Settlement Agreement, as amended, Ritz was to make installment payments totaling $126,827.58. With the Settlement Agreement, Ritz executed a Verified Confession and Stipulation to Entry of Judgment, providing that if Ritz defaulted on the Settlement Agreement, Arrow Electronics could file the Confession of Judgment and Stipulation to Entry of Judgment with the court without notice to Ritz and obtain final judgment for the settlement amount, less any payments Ritz had made, plus interest and attorneys' fees. (Docket Entry No. 13, Ex. A-2). The Verified Confession was not filed with the court. The original Settlement Agreement was filed in this case on September 11, 2007. (Docket Entry No. 11). This court closed the case on September 18, 2007. (Docket Entry No. 12).

The threshold issue raised by Arrow's Request for Entry of Judgment By Confession is whether this court can rule on it in this civil action.

On September 18, 2007, this court issued an Order of Dismissal that stated as follows:

> Counsel for the parties have advised the court that an amicable settlement has been reached in this action. It is ordered that this cause be dismissed on the merits, without prejudice to the right of counsel to move for reinstatement within 120 days upon presentation of adequate proof that the settlement could not be consummated. It is further ordered that all motions currently pending are denied without prejudice. Any movant seeking to resubmit or reurge those motions must do so within 10 days from the date any motion for reinstatement is filed.

(*Id.*).

There was no further filing until Arrow Electronics filed the Request for Entry of Judgment by Confession over one year later, on November 3, 2008. Between January 24, 2008 and October 20, 2008, Arrow Electronics and Ritz amended the Settlement Agreement on seven different occasions to allow Ritz additional time to make the installments due under the Agreement. (Docket Entry No. 13, Ex. 4). On November 3, Arrow Electronics filed the Request for Entry of Judgment by Confession with the Settlement Agreement and amendments and the Verified Confession and Stipulation to Entry of Judgment. Arrow Electronics alleged that Ritz had breached the Settlement Agreement and sought entry of judgment by confession in the amount of $79,233.47 (the unpaid balance due under the amended Settlement Agreement, plus interest and attorneys' fees as provided in that Agreement). (Docket Entry No. 13).

Arrow Electronics asserts that it consulted the District Clerk's office about whether to file the Request for Entry of Judgment by Confession in this case or in a separate suit, and was told "that it was appropriate to file in the existing case number and with the Court entering the prior order."

(Docket Entry No. 18 at 4 n.3). Arrow Electronics filed its request in this case and did not file a new action.[1] Despite the effort Arrow describes to achieve a procedurally correct filing, this procedure was in error, and a new action should have been filed.

In *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 378 (1994), the Supreme Court held that once a district court dismisses an action with prejudice because of a settlement agreement, and the agreement is neither approved of nor incorporated into its order and the court does not indicate any intent to retain jurisdiction, the court does not have jurisdiction over disputes arising out of the agreement that produced the dismissal. "In order for the court to retain jurisdiction, the district court explicitly must 'embody the settlement contract in its dismissal order or, what has the same effect, retain jurisdiction over the settlement contract.'" 9 Charles A. Wright et al., FEDERAL PRACTICE AND PROCEDURE § 2366 (3d ed. 2008) (quoting *Kokkonen*, 511 U.S. at 381–82). "Mere reference to the settlement in the dismissal order" is not sufficient to retain jurisdiction to enforce a settlement agreement. *Id.*

This court's Order of Dismissal did not embody the Settlement Agreement or explicitly retain jurisdiction to enforce the Settlement Agreement. The order did not refer to the written Settlement Agreement. The Order of Dismissal stated only that the parties could move to reinstate the action within 120 days if the settlement could not be consummated. The parties did not do so. This court lacks subject-matter jurisdiction over the Request for Entry of Judgment, which is based on Ritz's alleged breach of the Settlement Agreement.

---

[1] Arrow asserts that it "commenced a new miscellaneous action (the instant action) for entry of judgment," (Docket Entry No. 18 at 4 n.3), but the records in this District do not reflect that any such miscellaneous filing was made. Arrow has not provided a case number for such filing.

The Fifth Circuit considered a similar situation in *Woolwine Ford Lincoln Mercury v. Consolidated Financial Resources*, 245 F.3d 791, 2000 WL 1910184, at *1 (5th Cir. Dec. 27, 2000) (unpublished). The district court had explicitly retained jurisdiction to enforce the settlement agreement, only for 35 days. The plaintiff filed a motion to enforce after that period expired. The Fifth Circuit held: "The district judge had discretion to set out the terms and conditions of its jurisdiction over the parties' settlement agreement. Because [the plaintiff] filed its motion to enforce the settlement agreement outside the court's self-imposed jurisdictional limits, the district court did not have the subject-matter jurisdiction to grant the relief sought." *Id.* at *2. Similarly, in *Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 431 (5th Cir. 2002), the Fifth Circuit concluded that the district court lacked jurisdiction to enforce a settlement agreement because the court's order of dismissal did not adopt the terms of, or retain jurisdiction to enforce, the settlement agreement. "*Kokkonen* makes clear that . . . the principle that federal courts are courts of limited jurisdiction requires distinguishing a district court's intention to make the terms of a settlement agreement part of its dismissal order from the court's mere recognition or approval of the settlement agreement." *Id.*

There is diversity of citizenship between the parties. Arrow Electronic is a corporation organized in New York with its principal place of business in Colorado and Ritz is a citizen of Texas. (Docket Entry No. 1). The amount in controversy, $79,233.47, exceeds the $75,000 threshold for diversity jurisdiction. 28 U.S.C. § 1332. But "the existence of diversity jurisdiction 'does not mean that the contract dispute involving the settlement agreement can be decided in the context of the now-closed action.'" *Dover Ltd. v. A.B. Watley, Inc.*, No. 04-cv-7366, 2007 WL 4358460, at *3 (S.D.N.Y. Dec. 11, 2007) (quoting *Geiringer v. Pepco Energy Servs.*, No. Civ. 05-

4

4172, 2007 WL 4125094, at *1 (E.D.N.Y. Nov. 16, 2007)); *see also Cross Media Mktg. Corp. v. Budget Mktg., Inc.*, 319 F. Supp. 2d 482, 483 (S.D.N.Y. 2004).  A new suit must be filed.

Arrow's Request for Entry of Judgment by Confession is denied, without prejudice to the filing of a new action seeking such relief.  If a new action is filed, the parties should address the choice-of-law provision in the Settlement Agreement, which specifies that the "Agreement shall be construed under the laws of the state of New York."  Both parties' submissions to this court on the Request for Entry of Judgment by Confession cited exclusively Texas law.

SIGNED on February 26, 2009, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge